**EXHIBIT A**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>M7D CORPORATION,[1]<br><br>           Debtor. | Chapter 7<br><br>Case No. 23-11699 (TMH) |
| In re:<br><br>WD DIAMONDS HOLDINGS, INC.<br><br>           Debtor. | Chapter 7<br><br>Case No. 23-11701 (TMH) |
| In re:<br><br>WD DIAMONDS INTERMEDIATE HOLDINGS, INC.<br><br>           Debtor. | Chapter 7<br><br>Case No. 23-11700 (TMH) |

**ORDER APPROVING STIPULATION GRANTING ADVANCED DIAMOND HOLDINGS, LLC, AS SPECIFIED COLLATERAL AGENT, TREE LINE DIRECT LENDING, LP, AS ADMINISTRATIVE AGENT AND LENDER, AND LENDERS <u>RELIEF FROM THE AUTOMATIC STAY</u>**

Upon consideration of the *Stipulation Granting Advanced Diamond Holdings, LLC, as Specified Collateral Agent, Tree Line Direct Lending, LP, as Administrative Agent and Lender, and Lenders Relief from the Automatic Stay* (the "<u>Stipulation</u>"),[2] attached hereto as **Exhibit 1**; and after due deliberation and sufficient cause appearing therefore,

---

[1]     The Debtors in these Chapter 7 cases and the last four digits of their Employment Identification Numbers are M7D Corporation (2280), WD Diamonds Holdings, Inc. (7199), and WD Diamonds Intermediate Holdings, Inc. (7850). The Debtors' cases are not jointly administered.

[2]     Capitalized terms used but not otherwise defined herein shall have the same meaning ascribed to them in the Stipulation.

WBD (US) 4861-1502-5072v2

**IT IS HEREBY ORDERED THAT**

1. The Stipulation is APPROVED in its entirety.

2. The Parties are authorized to take all actions necessary to effectuate the terms of the Stipulation.

3. This Order shall be effective and enforceable immediately upon its entry.

**EXHIBIT 1**

Case 23-11699-TMH    Doc 18-1    Filed 03/22/24    Page 4 of 10

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>M7D CORPORATION,[1]<br><br>            Debtor. | Chapter 7<br><br>Case No. 23-11699 (TMH) |
| In re:<br><br>WD DIAMONDS HOLDINGS, INC.<br><br>            Debtor. | Chapter 7<br><br>Case No. 23-11701 (TMH) |
| In re:<br><br>WD DIAMONDS INTERMEDIATE HOLDINGS, INC.<br><br>            Debtor. | Chapter 7<br><br>Case No. 23-11700 (TMH) |

**STIPULATION GRANTING ADVANCED DIAMOND HOLDINGS, LLC,
AS SPECIFIED COLLATERAL AGENT, TREE LINE DIRECT LENDING, LP,
AS ADMINISTRATIVE AGENT AND LENDER, AND LENDERS
<u>RELIEF FROM THE AUTOMATIC STAY</u>**

This stipulation (the "<u>Stipulation</u>") is entered into by and among Jeoffrey Burtch, the Chapter 7 Trustee (the "<u>Trustee</u>") of the above-captioned debtors (the "<u>Debtors</u>"); Advanced Diamond Holdings, LLC, as Specified Collateral Agent (the "<u>Specified Collateral Agent</u>"); and Tree Line Direct Lending, L.P., as Administrative Agent (the "<u>Administrative Agent</u>"). The

---

[1] The Debtors in these Chapter 7 cases and the last four digits of their Employment Identification Numbers are M7D Corporation (2280), WD Diamonds Holdings, Inc. (7199), and WD Diamonds Intermediate Holdings, Inc. (7850). The Debtors' cases are not jointly administered.

Trustee, Specified Collateral Agent and the Administrative Agent may be referred to herein collectively as the "Parties." The Parties hereby stipulate and agree as follows:

## RECITALS

**WHEREAS**, on October 11, 2023 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

**WHEREAS,** on October 16, 2023, the Trustee was appointed interim trustee of the Debtors' cases; and

**WHEREAS**, on November 13, 2023, the Trustee conducted the meeting of creditors pursuant to Section 341 of the Bankruptcy Code; and

**WHEREAS,** at the present time, the bankruptcy estates of WD Diamonds Holdings, Inc. and WD Intermediate Diamonds Holdings, Inc. are being administered as no asset cases; and

**WHEREAS**, pursuant to that certain Credit Agreement dated as of December 21, 2018, by and among MD7 Corporation, WD Diamonds Intermediate Holdings, Inc., the Administrative Agent and the Lenders (as amended, the "Credit Agreement"), the Lenders made several term loans to M7D Corporation, as the borrower (the "Borrower"), and WD Diamonds Intermediate Holdings, Inc. ("Holdings") guaranteed the obligations owed to the Lenders under the Credit Agreement; and

**WHEREAS**, the Borrower, Holdings and the Administrative Agent entered into that Restructuring, Forbearance and Amendment Agreement as of September 1, 2023 (the "Forbearance Agreement"); and

**WHEREAS**, as part of the Forbearance Agreement, the Borrower and Holdings agreed that the outstanding obligations under the Credit Agreement as of July 31, 2023 was at least $65,220,598, which amount did not include interest (other than paid in kind interest), expenses and other amounts chargeable or otherwise reimbursable under the Credit Agreement and the other credit documents; and

**WHEREAS**, on October 10, 2023, the Borrower and Holdings consented to a strict foreclosure ( the "Strict Foreclosure"), whereby the Specified Collateral Agent accepted, on behalf of the Administrative Agent and the Lenders, certain Specified Collateral (as defined in the Notification of Proposal of Strict Foreclosure In Partial Satisfaction of Obligations (the "Strict Foreclosure Proposal")) in satisfaction of $30,000,000 of the Credit Parties' Obligations (as defined in the Strict Foreclosure Proposal) under the Credit Agreement; and

**WHEREAS**, the Specified Collateral includes, but is not limited to, all accounts receivable, leases, assumed contracts, deposit accounts and all moneys other than the Wind-Down Account (as defined in the Credit Agreement), equipment, inventory other than excluded inventory, letter of credit rights, books and records, intellectual property, and all proceeds and products of the foregoing and all collateral security and guarantees given by any person with respect to the foregoing, including insurance proceeds and refunds; and

**WHEREAS**, the Strict Foreclosure was consummated prior to the Petition Date; and

**WHEREAS**, the Trustee, the Specified Collateral Agent and the Collateral Agent have engaged in discussions and have agreed, subject to order of the Bankruptcy Court, to clarify that the Specified Collateral is not property of the Debtors' bankruptcy estates, and to the extent necessary, modify the automatic stay to permit the Specified Collateral Agent, Administrative

Agent and Lenders to access, possess, control and receive all Specified Collateral free of any interest of the Trustee or the Debtors' bankruptcy estates; and

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE BANKRUPTCY COURT OF THIS STIPULATION, IT IS HEREBY ORDERED THAT:**

1. The foregoing recitals are hereby incorporated by reference into this Stipulation with the same force and effect as if set forth fully hereinafter.

2. This Stipulation shall be effective upon the date the Bankruptcy Court enters an order approving the Stipulation (the "Agreement Effective Date").

3. The Specified Collateral is not property of the Debtors' bankruptcy estates, and the bankruptcy estates have no right, title or interest to the Specified Collateral.

4. Upon the Agreement Effective Date, the automatic stay shall be modified to the extent necessary to allow the Specified Collateral Agent, Administrative Agent and the Lenders, as applicable, to access, possess, control and receive all Specified Collateral, including but not limited to amounts in deposit accounts titled in the name of one or more of the Debtors.

5. In consideration of the foregoing modification of the automatic stay, the Specified Collateral Agent and Administrative Agent, on behalf of the Lenders, agreed (i) to fund the amount of $3,464 to the Debtors' former payroll agent Paycor, for the purpose of paying fees necessary to generate W-2 forms (which amount has already been funded), (ii) to fund the estate an additional $5,000 to an account specified by the Trustee, and (iii) that any insurance proceeds and refunds generated from the cancellation of the Debtors' insurance policies shall constitute property of the appropriate Debtor's estate, including any workers compensation premium refund after audit, as well as any unused retainer held by Honigman LLP or Morris James.

6. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

7. This Stipulation may be executed in counterparts, each of which constitutes an original, and all of which, collectively constitute only one agreement. The signatures of each of the Parties need not appear on the same counterpart.

8. The undersigned who executes this Stipulation by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

9. This Stipulation shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto.

10. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first written below.

| | |
|---|---|
| Dated: March 22, 2024 | Dated: March 22, 2024 |
| **Law Office of Susan E. Kaufman, LLC** | **WOMBLE BOND DICKINSON (US) LLP** |
| By: */s/ Susan E. Kauffman* <br> Susan E. Kaufman (DE Bar No. 3381) <br> 919 N. Market Street, Ste. 460 <br> Wilmington, Delaware 19801 <br> Telephone: (302) 472-7420 <br> Facsimile: (302) 792-7420 <br> skaufman@skaufmanlaw.com | */s/ Morgan L. Patterson* <br> Morgan L. Patterson (DE Bar No. 5388) <br> 1313 North Market Street, Suite 1200 <br> Wilmington, Delaware 19801 <br> Telephone: (302) 252-4320 <br> Facsimile: (302) 252-4330 <br> Email: morgan.patterson@wbd-us.com |
| *Attorneys for the Trustee* | and |
| | **KING & SPALDING LLP** <br> Matthew Warren, Esq. <br> Lindsey Henrikson, Esq. <br> 110 N. Wacker Drive, Suite 3800 <br> Chicago, Illinois 60606 <br> Telephone: (312) 995-6333 <br> Email: mwarren@kslaw.com <br>        lhenrikson@kslaw.com |
| | *Counsel to the Specified Collateral Agent and Administrative Agent* |