IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re ) | |
| ) | Chapter 7 |
| M7D Corporation, ) | |
| ) | Case No. 23-11699 (TMH) |
| Debtor. ) | |
| ) | |

**Objection Deadline: April 3, 2025 at 4:00 p.m.**
**Hearing Date: April 10, 2025 at 11:00 a.m.**

### TRUSTEE'S 9019 MOTION FOR AN ORDER APPROVING SETTLEMENT OF DISPUTED PREFERENTIAL CLAIM WITH <u>CLEAN METHOD</u>

Jeoffrey L. Burtch, Chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of M7D Corporation (the "Debtor"), hereby moves this Court for an Order approving the Compromise and Settlement of a Disputed Preferential Claim with Clean Method ("Clean") Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, and in support of this Motion respectfully represents that:

### JURISDICTION

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

2. On October 11, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

3. On October 16, 2023, Jeoffrey L. Burtch (the "Trustee") was appointed as interim trustee for the Debtor pursuant to Section 701 of the Bankruptcy Code. Following the conclusion of the section 341 meeting, the Trustee serves as the bankruptcy trustee under section 702(d).

4. On or about February 11, 2024, the Trustee mailed a demand letter to Clean asserting that in the 90 days prior to the Petition Date, Clean received preferential transfers from the Debtor. The demand letter sought to have these preferential transfers paid by Clean to the Trustee, pursuant to 11 U.S.C. §§ 547 and 550.

**SETTLEMENT**

5. The Trustee seeks this Court's approval of the settlement resulting from negotiations between the Trustee and Clean, which alleged that payments made by the Debtor to Clean constituted a preferential payment pursuant to 11 U.S.C. §§ 547 and 550. The negotiations sought the return of alleged preferential transfers of $24,965.14 ("Demand Amount").

6. The Trustee and Clean conducted negotiations concerning among other things, Clean's asserted defenses and Clean's waiver of a Section 502(h) claim. The negotiations were conducted at arm's length and in good faith. The details of this Settlement are detailed in the settlement agreement ("Settlement Agreement"), which is attached hereto as Exhibit A, the terms of which are incorporated herein in all respects[1].

7. The Trustee and Clean desire to compromise and settle all disputes between them on the following terms (the "Settlement"), subject to Court approval ("Approval Order"):

    A. Clean has paid the Trustee $10,000.00 to settle the matter.

    B. Clean and the Trustee have entered into mutual releases contained in the Settlement Agreement.

    C. Clean waives its right under 11 U.S.C. § 502(h) and Fed. R. Bankr. P. 3002(c)(3) to file a proof of claim against the Debtor's Estate for the Settlement amount.

---

[1] To the extent of any inconsistencies, the terms of the Settlement Agreement shall control over the description of the Settlement in this Motion.

8.      Any amount paid by Clean to the Trustee in accordance with the Settlement Agreement shall be held by the Trustee in escrow pending the Court's consideration of this Settlement.  If the Court approves this Settlement, the Trustee may thereafter, in his sole discretion, transfer sums paid under the Settlement Agreement into the Estate's general account.  If the Court does not approve this Settlement, the Trustee shall refund Clean any sums paid by Clean to the Trustee, as set forth in the Settlement Agreement, and the parties shall revert to their status prior to having signed the Settlement Agreement.

## BASIS FOR RELIEF REQUESTED HEREIN

9.      As set forth in Bankruptcy Rule 9019(a): "Compromise:  On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."  Pursuant to Rule 9019, bankruptcy courts consider the overall wisdom of compromising and settling disputes arising in bankruptcy cases.  *In re Marvel Entertainment Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968)).

10.     In determining whether to approve a settlement pursuant to Bankruptcy Rule 9019, the court should determine whether "the compromise is fair, reasonable, and in the interests of the Estates."  *Id.* (quoting *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997)).  In reaching this determination, the court should balance the value of the claim that is being settled against the value to the Estate of the approval of the settlement.  *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996).  In striking this balance, the court should consider the following factors: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors."  *Id.*  Settlements should be approved unless they fall below the lowest point of

the range of reasonableness. *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir.), cert. denied sub nom. *Cosoff v. Rodman*, 464 U.S. 822 (1983).

11. The Trustee believes that this Settlement satisfies the foregoing standards and is in the best interests of all creditors of the Estate. Approval of the Settlement will enable the Trustee to liquidate assets of the Estate.

WHEREFORE, the Trustee respectfully requests that the Court enter the Order substantially in the form attached hereto (i) granting this Motion; (ii) approving the Settlement and the Settlement Agreement; and (iii) granting such other and further relief as the Court deems appropriate.

LAW OFFICE OF SUSAN E. KAUFMAN, LLC

*/s/ Susan E. Kaufman*
Susan E. Kaufman, (DSB# 3381)
919 North Market Street, Suite 460
Wilmington, DE 19801
(302) 472-7420
(302) 792-7420 Fax
skaufman@skaufmanlaw.com

*Counsel to Jeoffrey L. Burtch, Chapter 7 Trustee*

Date: March 17, 2025