# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 7 |
| M7D Corporation, | ) |
| | ) Case No. 23-11699 (TMH) |
| Debtor. | ) |
| | ) |

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("Settlement Agreement") is entered into as of _November 1_, 2024 (the "Settlement Date") by and between Jeoffrey L. Burtch, Chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of *M7D Corporation, Bk. No. 23-11699 (TMH)* (the "Debtor"), and Clean Method ("Clean", together with the Trustee, the "Parties") with reference to the following facts and recitals:

WHEREAS, on October 11, 2023, (the "Petition Date") the Debtor filed a bankruptcy petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

WHEREAS, Jeoffrey L. Burtch was appointed as interim trustee on or about October 12, 2023, pursuant to Section 701 of the Bankruptcy Code. The 341 Meeting of Creditors was held and completed, and the Trustee became the Section 702(d) trustee; and

WHEREAS, the Trustee has analyzed all readily available information of the Debtor, and those records indicate that in the 90 days preceding the Chapter 7 filing, Clean allegedly received preferential transfers totaling $24,965.14 (the "Transfer(s)"); and

WHEREAS, in order to avoid the costs, risks and delay of litigation, the Parties have determined to resolve their disputes relating to the foregoing matters on the terms and subject to the conditions set forth in this Settlement Agreement; and

NOW, THEREFORE, the Parties agree as follows:

1. The recitals set forth above are incorporated herein by reference.

2. Clean agrees to pay to the Trustee, and the Trustee agrees to accept the sum of $10,000.00 (the "Settlement Amount") in full and complete satisfaction of the Trustee's claims to avoid and recover the Transfer(s) on any and all grounds arising under Section 547 of the Bankruptcy Code. Clean shall pay the Settlement Amount and return an executed Settlement Agreement within twenty business days after the "Settlement Date.

3. The Settlement Amount due pursuant to this Settlement Agreement shall be made in immediately available funds, which includes check, payable to the order of "Jeoffrey L. Burtch, Chapter 7 Trustee for *M7D Corporation*" and with the executed Settlement Agreement shall be delivered to the Trustee at the following address:

> Jeoffrey L. Burtch, Chapter 7 Trustee
> P.O. Box 549
> Wilmington, DE 19899

4. If a check is issued, this Settlement Agreement is conditioned on the check being honored by the bank for Clean.

5. If the Settlement Amount is not made in compliance with the deadline stated in paragraph two above, interest shall accrue at the legal rate. Alternatively, if the Settlement Amount is not made in compliance with the deadline stated in paragraph two above, the Trustee, in his sole discretion, (i) may consider this Settlement Agreement null and void by providing prompt written notice to Clean, (ii) may retain any portion of the Settlement Amount already collected and (iii) may continue to pursue the difference between the amount of the Transfer(s) and the amount already collected from Clean. In the event of any suit or action based on breach of this Settlement Agreement, including, but not limited to, failure to pay the Settlement Amount within twenty business days after the Settlement Date, the Debtor shall be entitled to recover its reasonable costs, including, but not limited to, attorney fees in addition to such other remedies as may be allowed by law.

6. Clean waives its right under 11 U.S.C. § 502(h) and Fed. R. Bankr. P. 3002(c)(3) to file a proof of claim against the Debtor's Estate for the Settlement Amount.

7. Upon full and final payment of the Settlement Amount to the Trustee, the Trustee on the one hand, and Clean on the other hand, in respect of the mutual promises and other consideration recited in this Settlement Agreement, hereby release each other and their respective predecessors in interest, successors, shareholders, directors, officers, employees, agents, attorneys and assigns of any and all obligations, claims, and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, arising out of, by reason of, or relating in any way whatsoever to the Transfer(s) or the Trustee's claim to avoid and recover the Transfer(s), except that the obligations arising out of this Settlement Agreement are not released. Nothing in this paragraph seven or elsewhere in this Settlement Agreement shall be deemed to limit the Trustee's rights of discovery against Clean in connection with the Trustee's administration of these cases.

8. Each Party represents and warrants that it owns and has not assigned or otherwise transferred to any other person or entity all such Party's rights and claims as are being altered or otherwise affected by this Settlement Agreement. In the event that a party breaches the warranty of this paragraph 8, the release it received in paragraph 7 shall be null and void.

9. The Parties acknowledge that this Settlement Agreement is a compromise of a disputed claim and that neither admits, and each expressly denies, any liability on its part.

10. The Parties represent and acknowledge that, in executing this Settlement Agreement, they do not rely and have not relied upon any representation or statement made by any

Party or any of their agents, shareholders, representatives or attorneys, with regard to the subject matter, basis or effect of this Settlement Agreement or otherwise, other than as specifically stated in this Settlement Agreement.

11. The Parties further declare that, in making this Settlement Agreement, they rely entirely upon their own judgment, beliefs and interest and the advice of their counsel (for whose expense each shall be solely responsible), if any, and that they have had a reasonable period of time to consider this Settlement Agreement and, if so desired, consult with counsel.

12. The Parties agree that each Party and its counsel have reviewed this Settlement Agreement, and that each fully understands and voluntarily accepts all the provisions contained in this Settlement Agreement. The Parties further agree that this Settlement Agreement was the product of negotiations between the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Settlement Agreement.

13. The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning and not strictly for or against any of the Parties.

14. Should any provision of this Settlement Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term or provision shall be deemed not to be a part of this Settlement Agreement.

15. This Settlement Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

16. No modification of this Settlement Agreement shall be binding or enforceable unless in writing and signed by the Parties.

17. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators and assigns.

18. This Settlement Agreement shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the laws of the State of Delaware, without regard to the conflict of laws of the State of Delaware. Each of the Parties hereby irrevocably consents to the jurisdiction of this Court with respect to any action to enforce the terms and provisions of this Settlement Agreement and expressly waives any right to commence any such action in any other forum.

19. This Settlement Agreement may be executed in one or more counterparts, including by email and facsimile, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

20. Each person signing this Settlement Agreement represents and warrants that he/she has been duly authorized and has the requisite authority to execute and deliver this Settlement Agreement on behalf of such Party and to bind his/her respective client(s) to the terms and conditions of this Settlement Agreement.

21. This Settlement Agreement shall be effective upon execution by Clean and the Trustee, and subject only to any necessary approval by the Bankruptcy Court. After the Parties to

this agreement have executed this document and the Trustee has received the Settlement Amount, the Debtor will proceed to file any necessary papers in the United States Bankruptcy Court for the District of Delaware to obtain court approval of this Settlement Agreement.

IN WITNESS WHEREOF, the Parties have each approved and executed this Settlement Agreement.

_____
Authorized Representative of
Clean Method

Print name: __Todd Galuick__

Title: __Director__

Dated: __11/1/2024__

_____
Jeoffrey L. Burtch, Chapter 7 Trustee for
M7D Corporation
919 N. Market Street, Suite 460
Wilmington, DE 19801

Dated: __10/24/24__