## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 7 |
| M7D Corporation, | ) |
| | ) Case No. 23-11699 (TMH) |
| Debtor. | ) |
| | ) |

**Objection Deadline: November 14, 2025 at 4:00 p.m.**
**Hearing Date: December 1, 2025 at 2:00 p.m.**

### TRUSTEE'S FIRST OMNIBUS MOTION FOR AN ORDER APPROVING SETTLEMENTS OF DISPUTED PREFERENTIAL CLAIMS PURSUANT TO RULE 9019

Jeoffrey L. Burtch, Chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of M7D Corporation (the "Debtor"), hereby moves this Court for an Order approving the compromise and settlement of disputed preferential claims pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Motion"), and in support of this Motion respectfully represents that:

### JURISDICTION

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

2. On October 11, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

3. On October 16, 2023, Jeoffrey L. Burtch (the "Trustee") was appointed as interim trustee for the Debtor pursuant to Section 701 of the Bankruptcy Code. Following the conclusion of the section 341 meeting, the Trustee serves as the bankruptcy trustee under section 702(d).

**DEMAND LETTER SETTLEMENTS**

4. On January 10, 2024, the Trustee mailed approximately 17 demand letters to different entities (the "Demand Letters"). The Demand Letters asserted that in the 90 days prior to the Petition Date, the recipients of the Demand Letters ("Transferees") received preferential transfers from the Debtor. The Demand Letters sought to have these alleged preferential transfers avoided and recovered from the Transferees pursuant to 11 U.S.C. §§ 547 and 550.

5. Following negotiations with four of the Transferees (the "Settling Transferees"), the Trustee and the Settling Transferees have entered in settlement agreements (the "Settlement Agreements and/or "Settlements"), and the Trustee seeks approval of the Settlements, as set forth below[1].

**ADAPTIVE BUSINESS SOLUTIONS, INC.**

6. The Trustee seeks this Court's approval of a settlement resulting from negotiations between the Trustee and principals for Adaptive Business Solutions, Inc. (hereinafter, "Adaptive") which alleged that certain payments made by the Debtor to Adaptive constituted preferential payments pursuant to 11 U.S.C. §§ 547 and 550. The negotiations sought the return of alleged preferential transfers totaling $33,222.00.

7. The Trustee and Adaptive desire to compromise and settle all disputes between them on the following terms:

    A. Subject to Court approval of this settlement, Adaptive has paid the Trustee $11,074.00 to settle the matter, in accordance with a Settlement Agreement attached hereto as Exhibit A to this Motion (the "Adaptive Settlement Agreement").

---

[1] In the event of any inconsistency in the description of a Settlement in this Motion, the language in the Settlement Agreement shall control.

8. The Trustee and Adaptive conducted negotiations concerning the amount owed by Adaptive to the Estate. The negotiations were conducted at arm's length and in good faith. Adaptive informally asserted defenses to the Trustee's claims, which the Trustee has analyzed and believes may have merit. The details of this Settlement are contained in the Adaptive Settlement Agreement.

9. Adaptive and the Trustee have entered into mutual releases contained in the Adaptive Settlement Agreement, subject to Court approval.

10. Any amounts paid by Adaptive to the Trustee in accordance with the Adaptive Settlement Agreement shall be held by the Trustee in escrow pending the Court's consideration of the Adaptive Settlement. If the Court approves the Adaptive Settlement, the Trustee may thereafter, in his sole discretion, transfer sums paid under the Adaptive Settlement Agreement into the Estate's general account. If the Court does not approve this Settlement, the Trustee shall refund Adaptive any sums paid by Adaptive to the Trustee, and except as set forth in the Adaptive Settlement Agreement, the parties shall revert to their status prior to having signed the Adaptive Settlement Agreement.

## **BRINK'S GLOBAL SERVICES USA, INC.**

11. The Trustee seeks this Court's approval of a settlement resulting from negotiations between the Trustee and counsel for Brink's Global Services USA, Inc. (hereinafter, "Brink's") which alleged that certain payments made by the Debtor to Brink's constituted preferential payments pursuant to 11 U.S.C. §§ 547 and 550. The negotiations sought the return of alleged preferential transfers totaling $33,458.91.

12. The Trustee and Brink's desire to compromise and settle all disputes between them on the following terms:

      A.    Subject to Court approval of this settlement, Brink's has paid the Trustee $12,500.00 to settle the matter, in accordance with a Settlement Agreement attached hereto as Exhibit B to this Motion (the "Brink's Settlement Agreement").

13. The Trustee and Brink's conducted negotiations concerning the amount owed by Brink's to the Estate. The negotiations were conducted at arm's length and in good faith. Brink's informally asserted defenses to the Trustee's claims, which the Trustee has analyzed and believes may have merit. The details of this settlement are contained in the Brink's Settlement Agreement.

14. Brink's and the Trustee have entered into mutual releases contained in the Brink's Settlement Agreement, subject to Court approval.

15. Any amounts paid by Brink's to the Trustee in accordance with the Brink's Settlement Agreement shall be held by the Trustee in escrow pending the Court's consideration of the Brink's Settlement. If the Court approves the Brink's Settlement, the Trustee may thereafter, in his sole discretion, transfer sums paid under the Brink's Settlement Agreement into the Estate's general account. If the Court does not approve this Settlement, the Trustee shall refund Brink's any sums paid by Brink's to the Trustee, and except as set forth in the Brink's Settlement Agreement, the parties shall revert to their status prior to having signed the Brink's Settlement Agreement.

## FEDEX CORPORATION

16. The Trustee seeks this Court's approval of a settlement resulting from negotiations between the Trustee and counsel for FedEx Corporation (hereinafter, "FedEx") which alleged that certain payments made by the Debtor to FedEx constituted preferential payments pursuant to 11 U.S.C. §§ 547 and 550. The negotiations sought the return of alleged preferential transfers totaling $34,426.71.

17. The Trustee and FedEx desire to compromise and settle all disputes between them on the following terms:

    A. Subject to Court approval of this settlement, FedEx has agreed to pay the Trustee $17,500.00 to settle the matter, in accordance with a Settlement Agreement attached hereto as Exhibit C to this Motion (the "FedEx" Settlement Agreement").

18. The Trustee and FedEx conducted negotiations concerning the amount owed by FedEx to the Estate. The negotiations were conducted at arm's length and in good faith. FedEx informally asserted defenses to the Trustee's claims, which the Trustee has analyzed and believes may have merit. The details of this settlement are contained in the FedEx Settlement Agreement.

19. FedEx and the Trustee have entered into mutual releases contained in the FedEx Settlement Agreement, subject to Court approval.

20. If the Court approves the FedEx Settlement, FedEx will remit to the Trustee the sum of $17,500.00 in accordance with the FedEx Settlement Agreement.

## GEM CERTIFICATION AND ASSURANCE LAB, INC.

21. The Trustee seeks this Court's approval of a settlement resulting from negotiations between the Trustee and principals for Gem Certification and Assurance Lab, Inc. (hereinafter, "GEM") which alleged that certain payments made by the Debtor to GEM constituted preferential payments pursuant to 11 U.S.C. §§ 547 and 550. The negotiations sought the return of alleged preferential transfers totaling $67,983.01.

22. The Trustee and GEM desire to compromise and settle all disputes between them on the following terms:

A.     Subject to Court approval of this settlement, GEM has paid the Trustee $5,000.00 to settle the matter, in accordance with a Settlement Agreement attached hereto as Exhibit D to this Motion (the "GEM Settlement Agreement").

23.    The Trustee and GEM conducted negotiations concerning the amount owed by GEM to the Estate. The negotiations were conducted at arm's length and in good faith. GEM informally asserted defenses to the Trustee's claims, which the Trustee has analyzed and believes may have merit. The details of this settlement are contained in the GEM Settlement Agreement.

24.    GEM and the Trustee have entered into mutual releases contained in the GEM Settlement Agreement, subject to Court approval.

25.    Any amounts paid by GEM to the Trustee in accordance with the GEM Settlement Agreement shall be held by the Trustee in escrow pending the Court's consideration of the GEM Settlement. If the Court approves the GEM Settlement, the Trustee may thereafter, in his sole discretion, transfer sums paid under the GEM Settlement Agreement into the Estate's general account. If the Court does not approve this Settlement, the Trustee shall refund GEM any sums paid by GEM to the Trustee, and except as set forth in the Gem Settlement Agreement, the parties shall revert to their status prior to having signed the GEM Settlement Agreement.

## BASIS FOR RELIEF REQUESTED HEREIN

26.    As set forth in Bankruptcy Rule 9019(a): "Compromise: On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Pursuant to Rule 9019, bankruptcy courts consider the overall wisdom of compromising and settling disputes arising in bankruptcy cases. *In re Marvel Entertainment Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968)).

27. In determining whether to approve a settlement pursuant to Bankruptcy Rule 9019, the court should determine whether "the compromise is fair, reasonable, and in the interests of the Estates." *Id.* (quoting *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997)). In reaching this determination, the court should balance the value of the claim that is being settled against the value to the Estate of the approval of the settlement. *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996). In striking this balance, the court should consider the following factors: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Id.* Settlements should be approved unless they fall below the lowest point of the range of reasonableness. *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir.), cert. denied sub nom. *Cosoff v. Rodman*, 464 U.S. 822 (1983).

28. The Trustee believes that each of the above Settlements satisfy the foregoing standards, and that each is in the best interests of all creditors of the Estate. Approval of the Settlements will enable the Trustee to liquidate assets of the Estate.

WHEREFORE, the Trustee respectfully requests that the Court enter the Order substantially in the form attached hereto (i) granting this Motion and approving the Settlements and the Settlement Agreements; and (ii) granting such other and further relief as the Court deems appropriate.

LAW OFFICE OF SUSAN E. KAUFMAN, LLC

*/s/ Susan E. Kaufman*
Susan E. Kaufman, (DSB# 3381)
919 North Market Street, Suite 460
Wilmington, DE 19801
(302) 472-7420
(302) 792-7420 Fax
skaufman@skaufmanlaw.com

*Counsel to Jeoffrey L. Burtch, Chapter 7 Trustee of the Estate of M7D Corporation*

Date: October 31, 2025