# Exhibit D

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 7 |
| M7D Corporation, | ) |
| | ) Case No. 23-11699 (TMH) |
| Debtor. | ) |
| | ) |

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("Settlement Agreement") is entered into as of September 23, 2025 (the "Settlement Date") by and between Jeoffrey L. Burtch, Chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of *M7D Corporation, Bk. No. 23-11699 (TMH)* (the "Debtor"), and Gem Certification and Assurance Lab, Inc. d/b/a GCAL or GCAL USA ("GCAL", together with the Trustee, the "Parties" or individually, a "Party") with reference to the following facts and recitals:

WHEREAS, on October 11, 2023, (the "Petition Date") the Debtor filed a bankruptcy petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

WHEREAS, Jeoffrey L. Burtch was appointed as interim trustee on or about October 12, 2023, pursuant to Section 701 of the Bankruptcy Code. The 341 Meeting of Creditors was held and completed, and the Trustee became the Section 702(d) trustee; and

WHEREAS, the Trustee has analyzed all readily available information of the Debtor, and those records indicate that in the 90 days preceding the Chapter 7 filing, GCAL received transfers totaling $67,983.01 (the "Transfers"), which the Trustee alleges were preferential; and

WHEREAS, GCAL disputes that the Transfers were preferential transfers; and

WHEREAS, in order to avoid the costs, risks and delay of litigation, the Parties have determined to resolve their disputes relating to the foregoing matters on the terms and subject to the conditions set forth in this Settlement Agreement; and

NOW, THEREFORE, the Parties agree as follows:

1. The recitals set forth above are incorporated herein by reference.

2. GCAL agrees to pay to the Trustee, and the Trustee agrees to accept the sum of **$5,000.00** (the "Settlement Amount") in full and complete satisfaction of the Trustee's claims to avoid and recover the Transfer(s) on any and all grounds arising under Section 547 of the Bankruptcy Code. GCAL shall pay the Settlement Amount and return an executed Settlement Agreement within twenty business days after the "Settlement Date.

3.  The Settlement Amount due pursuant to this Settlement Agreement shall be made in immediately available funds, which includes check, payable to the order of "Jeoffrey L. Burtch, Chapter 7 Trustee for *M7D Corporation*" and together with the executed Settlement Agreement shall be delivered to the Trustee at the following address:

> Jeoffrey L. Burtch, Chapter 7 Trustee
> P.O. Box 549
> Wilmington, DE 19899

4.  If a check is issued, this Settlement Agreement is conditioned on the check being honored by the bank for GCAL.

5.  Subject to the rights and obligations arising under this Settlement Agreement, effective upon the Trustee's receipt of the Settlement Amount and entry of the Approval Order (as defined below), the Trustee on the one hand, and GCAL on the other hand, hereby release each other and their respective predecessors in interest, successors, and assigns from any and all obligations, claims, and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, arising out of, by reason of, or relating to the Transfers, except that the obligations arising out of this Settlement Agreement are not released..

6.  GCAL waives its right under 11 U.S.C. § 502(h) and Fed. R. Bankr. P. 3002(c)(3) to file a proof of claim against the Debtor's Estate for the Settlement Amount. Except as set forth in the preceding sentence, nothing in this Settlement Agreement shall be construed to limit or waive GCAL claim(s) in these cases.

7.  Each Party represents and warrants that it owns and has not assigned or otherwise transferred to any other person or entity all such Party's rights and claims as are being altered or otherwise affected by this Settlement Agreement. In the event that a party breaches the warranty of this paragraph 7, the release it received in paragraph 5 shall be null and void.

8.  The Parties acknowledge that this Settlement Agreement is a compromise of a disputed claim and that neither admits, and each expressly denies, any liability on its part.

9.  The Parties represent and acknowledge that, in executing this Settlement Agreement, they do not rely and have not relied upon any representation or statement made by any Party or any of their agents, shareholders, representatives or attorneys, with regard to the subject matter, basis or effect of this Settlement Agreement or otherwise, other than as specifically stated in this Settlement Agreement.

10. The Parties further declare that, in making this Settlement Agreement, they rely entirely upon their own judgment, beliefs and interest and the advice of their counsel (for whose expense each shall be solely responsible), if any, and that they have had a reasonable period of time to consider this Settlement Agreement and, if so desired, consult with counsel.

11. The Parties agree that each Party and its counsel, if applicable, have reviewed this Settlement Agreement, and that each fully understands and voluntarily accepts all the provisions contained in this Settlement Agreement. The Parties further agree that this Settlement Agreement was the product of negotiations between the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Settlement Agreement.

12. The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning and not strictly for or against any of the Parties.

13. Should any provision of this Settlement Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term or provision shall be deemed not to be a part of this Settlement Agreement.

14. This Settlement Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

15. No modification of this Settlement Agreement shall be binding or enforceable unless in writing and signed by the Parties.

16. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators and assigns.

17. This Settlement Agreement shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the laws of the State of Delaware, without regard to the conflict of laws of the State of Delaware. Each of the Parties hereby irrevocably consents to the jurisdiction of this Court with respect to any action to enforce the terms and provisions of this Settlement Agreement and expressly waives any right to commence any such action in any other forum.

18. This Settlement Agreement may be executed in one or more counterparts, including by email and facsimile, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

19. Each person signing this Settlement Agreement represents and warrants that he/she has been duly authorized and has the requisite authority to execute and deliver this Settlement Agreement on behalf of such Party and to bind his/her respective client(s) to the terms and conditions of this Settlement Agreement.

20. Notwithstanding any provision herein to the contrary, this Settlement Agreement's effectiveness is subject to an order entered by the Bankruptcy Court approving this Settlement Agreement in accordance with Fed. R. Bankr. P. 9019 (the "Approval Order"). After the Parties have executed this Settlement Agreement and the Trustee has received payment of the Settlement Amount in good funds, the Trustee will file pleadings with the Bankruptcy Court to obtain entry of the Approval Order. GCAL acknowledges and understands that the Trustee may refrain from seeking entry of the Approval Order until such time as he has determined that doing so can be done efficiently and in a cost-effective matter. In the event that the Bankruptcy Court does not enter the Approval Order, the Trustee will promptly return the Settlement Amount to GCAL and this Settlement Agreement shall be null and void.

21. The Parties stipulate and agree that all statutes of limitations and defenses based upon the passage of time that have not expired before the Settlement Date (pursuant to applicable law and/or prior agreements) or have been extended through the execution of tolling agreements, including, without limitation, laches, applicable to any and all claims related to the Transfers, are and shall be further tolled from the Settlement Date through the date that is sixty (60) days after the entry of the Approval Order or the date on which the Bankruptcy Court denies approval of this

3

Settlement Agreement, unless extended in writing by the Parties. Notwithstanding anything herein to the contrary, this provision is effective upon the signing of this Settlement Agreement and shall survive and remain in effect and binding on the Parties hereto, even in the event that the Settlement Agreement is not approved by the Bankruptcy Court.

IN WITNESS WHEREOF, the Parties have each approved and executed this Settlement Agreement.

_____          Dated: 9/23/25
Authorized Representative of GCAL

Print name: Angelo Palmieri

Title: Partner

Dated: 9/23/25

_____
Jeoffrey L. Burtch, Chapter 7 Trustee for
M7D Corporation
919 N. Market Street, Suite 460
Wilmington, DE 19801

4