**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | ) |
| | ) Chapter 7 |
| M7D Corporation, | ) |
| | ) Case No. 23-11699 (TMH) |
| Debtor. | ) Ref. D.I. Nos. 40 and 41 |

**REPLY OF CHAPTER 7 TRUSTEE IN SUPPORT OF FIRST OMNIBUS**
**OBJECTION (SUBSTANTIVE) TO CLAIM OF NATHANIEL DEVERICH**

Jeoffrey L. Burtch, Chapter 7 Trustee (the "Trustee") of M7D Corporation d/b/a WD Lab Grown Diamonds ("Debtor"), by and through the undersigned counsel, hereby replies in support of entry of an order reclassifying the priority portion of Mr. Deverich's claim No. 5 from priority to general unsecured ("Objection") [D.I. 40].

**INTRODUCTION**

Mr. Deverich is not entitled to a priority claim of $15,150.00 under 11 U.S.C. §507(a)(4) as his Consulting Agreement demonstrates that he was not an employee of the Debtor and thus did not earn wages, salary or commissions from the Debtor, nor did he earn sales commissions through the sale of goods or services of the Debtor. *See* §507(a)(4)(A) and (B).  Further, even if Mr. Deverich could be considered an employee of the Debtor, the unpaid invoices attached to his proof of claim demonstrate that he is seeking payment for services provided to the Debtor outside of the 180 days prior to the first to occur of the petition date or cessation of business, which makes Mr. Deverich's asserted amounts ineligible for priority treatment.

**FACTS**

1.    Prior to filing bankruptcy, Debtor produced lab grown diamonds for use in jewelry as well as creating diamonds for high-tech applications.[1]

2.    Debtor was located in Beltsville, Maryland.

3.    Mr. Deverich is a jewelry designer located in New York City.[2]

4.    The Debtor filed its Chapter 7 Petition on October 11, 2023 (the "Petition Date"), the day after Tree Line Direct Lending, LP ("Tree Line"), as administrative agent for the Debtors' secured lenders, exercised its rights under Article 9 of the Uniform Commercial Code, as adopted in the State of New York, through a strict foreclosure in partial satisfaction of the Debtors' obligations". ("Cessation of Business").  See *Schedules* D.I. 1, Global Notes 6.

5.    In its Schedules, Debtor did not list Mr. Deverich as a priority creditor. See *Schedules*, D.I. 1, Schedule E.

6.    Debtor and Mr. Deverich entered into a Consulting Agreement effective June 6, 2022 ("Consulting Agreement").  A copy of the Consulting Agreement provided to the Trustee by Mr. Deverich is annexed as **Exhibit A**[3].

7.    Per the Consulting Agreement, the services that Mr. Deverich performed for the Debtor (the "Services") were listed in Exhibit A to the Consulting Agreement and included 3D printing jewelry designs, packaging and displays, and related software and design work. Notably, the Services did not include providing sales of Debtor's products on commission.

---

[1] See Wikipedia https://en.wikipedia.org/wiki/WD_Lab_Grown_Diamonds

[2] See https://www.nathanieldeverich.com/

[3] Highlighting on the Consulting Agreement was not done by the Trustee.

8.      The Consulting Agreement is controlled by Delaware law. (See Consulting Agreement Section 14).

9.      Mr. Deverich filed Proof of Claim No. 5 on December 15, 2023 in a total amount of $18,461.55 for "services performed" for the Debtor asserting that $15,150.00 of the total amount claimed is entitled to priority.  A copy of Proof of Claim 5 with Exhibits is annexed hereto as **Exhibit B**.

10.     According to Claim 5-1 Part 2, the design services for which Mr. Deverich seeks payment were rendered to the Debtor between January 1, 2023 and February 13, 2023.

## **ARGUMENT**

11.     As this Court has previously noted, "Bankruptcy Code provisions allowing for priority treatment should be narrowly construed." *In re Trump Entertainment Resorts, Inc.*, 2015 Lexis 726 *5 (Bankr. D. Del. March 9, 2015) citing *Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co.*, 547 U.S. 651, 667, 126 S. Ct. 2105, 165 L. Ed. 2d 110 (2006) ("To give priority to a claimant not clearly entitled thereto is not only inconsistent with the policy of equality of distribution; it dilutes the value of the priority for those creditors Congress intended to prefer").

12.     Under Delaware law*,* an independent contractor is someone who exercises independent judgment and agrees to do a piece of work according to his own methods without being subject to other's control.  While Delaware law does recognize multiple factors that may indicate that an independent contractor should be classified as an employee, those factors are not present here.  The key is whether <u>Debtor exercised control over the services that Mr. Deverich was to perform for it.</u> Factors that may be considered when evaluating control include: (1) The terms of any agreement between Mr. Deverich and the Debtor; (2) the extent of control that Debtor may exert over Mr. Deverich under the Agreement, noting that a requirement that work

be performed according to standards and specifications imposed by the Debtor is not sufficient to establish control, rather it is the manner or means by which the work was performed; (3) Whether Mr. Deverich was engaged in a business distinct from the Debtor; (4) Where the work was performed and the degree of supervision over the work; (5) The independent skills required by Mr. Deverich to perform the Services; (6) Whether Mr. Deverich supplied the tools and place of work; (6) Whether Mr. Deverich had an opportunity to profit under the Agreement; and (10) the length of the relationship between Mr. Deverich and the Debtor. No one factor is determinative. It is the total relationship that governs. See, *Fisher v. Townsends, Inc.*, Del. Supr., 695 A.2d 53, 57-59 (1997) (discussing various agency relationships); *O'Connor v. Diamond State Tel. Co.*, Del. Super., 503 A.2d 661, 663 (1985); *Barnes v. Towlson*, Del. Super., 405 A.2d 137, 138-39 (1979); *Melson v. Allman*, Del. Supr., 244 A.2d 85, 87 (1968); *E. I. Du Pont De Nemours & Co. v. I. D. Griffith, Inc.*, Del. Supr., 130 A.2d 783, 784 (1957); *Schagrin v. Wilmington Med. Ctr., Inc.*, Del. Super., 304 A.2d 61 (1973). *See also* RESTATEMENT (THIRD) OF AGENCY § 7.07.

A.     The Terms of Mr. Deverich's Consulting Agreement, taken as a whole, demonstrate that he was an independent contractor, not an employee.

13.     Section 1 of the Consulting Agreement states that the "Consultant is hereby engaged by Client as an independent contractor" and that "Consultant will provide, at Consultant's own expense, a place of work and all equipment, tools and other materials necessary to complete the Services. . ." (emphasis added), making clear the intended relationship between Debtor and Mr. Deverich.

14.     The Debtor did not have control "over the details and means" used by Mr. Deverich in performing the Services under the Consulting Agreement. (Consulting Agreement Section 2).

4

15.     Mr. Deverich was compensated by "an annual consulting fee" payable in biweekly installments. (Consulting Agreement Section 3).  As demonstrated by the invoices attached to the Claim, Mr. Deverich invoiced the Debtor for his services after they were performed.

16.     Mr. Deverich represented and warranted among other things, i) that he would comply with all applicable federal, state, local and foreign taxes, and social security, disability, and other contributions, (ii) that he was "self-employed in an independently established trade, occupation or business", (iii) that he "maintains and operates a business that is separate and independent from [Debtor's] business", (iv) that he held himself out to the public as providing design services similar to the design services he was to perform for the Debtor, and (v) that he understood that the work he was doing for the Debtor was outside of the usual course of Debtor's business. Further, he agreed to indemnify the Debtor for among other things, breach of any representation or warranty in the Consulting Agreement.  (See Consulting Agreement Section 6).

17.     Section 7 of the Consulting Agreement again defines the relationship between Debtor and Mr. Deverich as that of an Independent Contractor and not an employee.  Section 7.1 specifically states:

> Consultant's relationship with Client [Debtor] is that of an independent contractor, and nothing in this Agreement is intended to, or should be construed to, create a partnership, agency, joint venture or employment relationship between Client and any of Consultant's employees or agents.

(Consulting Agreement Section 7)

18.     The Debtor did not withhold or make payments for social security, federal, state or any other employee payroll taxes, or obtain workers compensation insurance or provide any employee benefits such as health or life insurance, profit sharing or retirement benefits.  Section 7.1 specifically states:

No part of Consultant's compensation will be subject to withholding by Client for the payment of any social security, federal, state or any other employee payroll taxes.

(Consulting Agreement Section 7.1)

19. Mr. Deverich was permitted under the Consulting Agreement to work for other non-competitors of the Debtor, with Debtor's consent (not to be unreasonably withheld). (Consulting Agreement Section 8).

20. All of the above factors demonstrate that he was an independent contractor.

21. As an independent contractor, Mr. Deverich would only qualify for priority treatment of a portion of his claim if he earned *sales commissions* through the sales of goods or services of the Debtor. 11 U.S.C. § 507(a)(4)(B).  Mr. Deverich did not sell Debtor's products; he designed jewelry that contained Debtor's lab grown diamonds. Only independent contractors who qualify under 11 U.S.C. Section 507(a)(4)(B) are eligible for priority treatment of their claims.  *In re EcoSmart, Inc.*, 2015 Lexis 4244 (Bankr. C.D. Cal. December 18, 2015).

B. Mr. Deverich's unpaid services were performed outside of 180 days prior to the Cessation of Business

22. Even if Mr. Deverich could be considered an employee for purposes of §507(a)(4), he still is not entitled to a priority claim because the unpaid services were performed more than 180 days prior to the Cessation of Business / Petition Date. Only services provided after April 12, 2023, would be within 180 days of the Cessation of Business date and Mr. Deverich's services were provided between January 1, 2023 and February 13, 2023.

WHEREFORE, the Trustee respectfully requests that the Court (i) grant the relief requested in the Trustee's Objection as to all claims listed on Exhibit A and B (including Mr. Deverich's claim), and enter the Proposed Order attached thereto, and (ii) grant such other and further relief as is just and proper.

LAW OFFICE OF SUSAN E. KAUFMAN, LLC

*/s/ Susan E. Kaufman*
Susan E. Kaufman, (DSB# 3381)
919 North Market Street, Suite 460
Wilmington, DE 19801
(302) 472-7420 / (302) 792-7420 Fax
skaufman@skaufmanlaw.com

Dated:  April 14, 2026                    *Counsel to Jeoffrey L. Burtch, Chapter 7 Trustee*

7