**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | ) |
| | ) Chapter 7 |
| M7D Corporation, | ) |
| | ) Case No. 23-11699 (TMH) |
| Debtor. | ) |
| | ) **Related Docket No. 40_____** |

**ORDER GRANTING CHAPTER 7 TRUSTEE'S**
**FIRST OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)**

1.　　The Chapter 7 Trustee filed the First Omnibus Objection to Claims (Substantive) (the "Objection").

2.　　The Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; the Objection is a core proceeding under 28 U.S.C. § 157(b)(2).

3.　　Proper notice of the Objection has been provided by the Trustee.  Each holder of a Disputed Claim as set forth on Exhibits A & B attached hereto was properly and timely served with a copy of the Objection, the Proposed Order and accompanying Exhibits, and the Notice of the response deadline thereto, and no further notice of the Objection or of the entry of this order need be provided.

4.　　The Objection is GRANTED.  Any objection not made to the Objection is waived. Any objection made to the Objection is overruled with prejudice.

5.　　The relief requested in the Objection is in the best interests of the Estate and its creditors.

6.　　The Incorrectly Classified Claims identified on the attached Exhibit A are reclassified to the claim classification as stated in the column entitled "Modified Classification Status."

7.       The No Liability Claims identified on the attached Exhibit B are disallowed in their entirety for the reasons set forth on Exhibit B.

8.       Each of the Disputed Claims and the objections by the Trustee asserted in the Objection and as set forth on Exhibits A & B attached hereto constitute a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.  This Order shall be deemed a separate Order with respect to each Disputed Claim.  Any stay of this Order pending appeal by any of the claimants whose claims are subject to this Order shall only apply to the contested matter that involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters covered hereby.

9.       With respect to any claim that is the subject of this Order, such claim is further subject to any other entered order of this Court that reduces, reclassifies, disallows, or otherwise modifies the same claim.

10.      The Bankruptcy Court Clerk and/ or the Chapter 7 Trustee are authorized to take all appropriate steps to revise the Bankruptcy Court Claims Register in this case to reflect the terms of this Order.

11.      This Court shall retain jurisdiction with respect to any matter related to or arising from the implementation or interpretation of this Order.

12.      This Order is effective immediately, and shall not be affected and/or stayed by any of the provisions of Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, or any other applicable rule.

*Thomas M. Horan*

Dated: April 17th, 2026          THOMAS M. HORAN
Wilmington, Delaware          UNITED STATES BANKRUPTCY JUDGE

2