**Exhibit A: Incorrectly Classified Claims**
**In re: M7D Corporation**
**Case No.: 23-11699 (TMH)**

| Name of Claimant | Claim Number | Claim Amount | Claim Classification Status | Modified Classification Status | Reason for Reclassification |
|---|---|---|---|---|---|
| Nathaniel Deverich<br>130 Lexington Ave. Apt. 1<br>Brooklyn, NY 11216<br>ndeverich@gmail.com | 5 | $18,461.55 | Priority / Unsecured | General Unsecured | Claimant is claiming a portion of the claim is entitled to priority status pursuant to 11 U.S.C. sec. 507(a)(4). Priority status under 507(a)(4) is not warranted as the claim is not for wages but for "consulting services performed". Therefore, the $15,150.00 portion of the claim should be reclassified to general unsecured. |
| New York State Department of Labor<br>PO Box 15122<br>Albany, NY 12212-5122<br>bankruptcy@labor.ny.gov | 33 | $2,886.89 | Unsecured Priority 507(a)(8)/ Administrative | Unsecured Priority 507(a)(8) | Claimant is claiming that $2,598.70 of the claim is an Administrative Expense Claim. However the entire claim is for unpaid unemployment insurance contributions that accrued prior to the 10/11/23 Petition Date; therefore, the alleged Administrative portion of the claim should be reclassified to a unsecured priority claim under 507(a)(8). |
| Prince George's County, Maryland<br>c/o Meyers, Rodbell & Rosenbaum, P.A.<br>6801 Kenilworth Ave., Ste. 400<br>Riverdale Park, MD 20737<br>bdept@mrrlaw.net | 24 | $30,609.09 | Secured | Unsecured Priority 507(a)(8) | Claimant is claiming a secured claim on business personal property for 2022-2024 Personal Property Taxes. The Trustee did not administer the purported secured assets; therefore, the entire claim should be reclassified to a unsecured priority claim under 507(a)(8). |
| Tree Line Direct Lending, LP, administrative agent<br>3 Embarcadero Center, Suite 2320<br>San Francisco, CA 94111 | 20 | $35,220,598.00 | Secured | General Unsecured | Claimant is claiming a secured claim. The Trustee did not administer any assets subject to claimant's purported liens; therefore, the claim should be reclassified to a general unsecured claim. |

| | Exhibit B: No Liability Claims | | |
|---|---|---|---|
| | In re: M7D Corporation | | |
| | Case No.: 23-11699 (TMH) | | |
| **Name of Claimant** | **Claim Number** | **Claim Amount** | **Reason for Disallowance** |
| Sue Rechner<br>85 Newtown Turnpike<br>Weston, CT 06883-2110<br>srechner@optonline.net | 32 | $400,000.00 | The document attached to the claim is an unsigned redline of a Separation Agreement and General Release (the "Agreement") purportedly revised on 1/6/23. Claimant purports to be due unpaid severance for employment that terminated approximately 10 months prior to the Petition Date; however, there is no evidence that the Debtor executed the Agreement.  Claimant is not listed as a creditor in Debtor's Schedules. Upon information and belief, as well as a review of payments made to the claimant as reflected on the Debtor's Amended SOFA [D.I. 16], the Trustee believes the claimant has already been paid any amount due. |